IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEONARD NITCAVIC and | § | |
| CHRISTAL NITCAVIC | § | PLAINTIFFS |
| | § | |
| v. | § | Civil No. 1:08CV19-HSO-JMR |
| | § | |
| CHASE MANHATTAN MORTGAGE | § | |
| CORPORATION and CHASE HOME | § | |
| FINANCE, LLC | § | DEFENDANTS |

**ORDER AND REASONS DENYING WITHOUT PREJUDICE
DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

BEFORE THE COURT are the Motion to Dismiss [10-1] filed March 31,

2008, and the alternative Motion for Summary Judgment [12-1] filed April 1, 2008,

by Defendants Chase Manhattan Mortgage Corporation ["CMMC"] and Chase

Home Finance, LLC ["CHF"] [collectively, "Defendants"].  Plaintiffs filed a Response

[14-1] on April 17, 2008, and Defendants filed Rebuttals [19-1], [18-1] on May 2,

2008.  After being granted leave by the Court, Plaintiffs filed a Surrebuttal [26-1] on

July 11, 2008.  After consideration of the parties' submissions, the record, and the

relevant legal authorities, and for the reasons discussed below, the Court finds that

Defendants' Motion for Summary Judgment [12-1] should be denied, without

prejudice to their right to reassert after discovery has been conducted, and that

Defendants' Motion to Dismiss [10-1] should be denied.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this lawsuit on March 17, 2008, invoking jurisdiction based

upon diversity of citizenship.  *See* Compl. at ¶ 4 (citing 28 U.S.C. § 1332).  The

dispute stems from Plaintiffs' mortgage agreement with CMMC.  Plaintiffs allege that their mortgaged property was not covered by windstorm insurance when it was destroyed on August 29, 2005, by Hurricane Katrina.  *See* Compl., at ¶¶ 6-11. Plaintiffs contend that Defendants were instructed to pay escrow funds to procure windstorm insurance coverage for the property from the Mississippi Windstorm Underwriting Association over two weeks before Hurricane Katrina struck, but that they failed to do so.  *See id.*

Plaintiffs assert claims for negligence and negligent infliction of emotional distress.  *See id.* at ¶¶ 13-16.  Defendants now ask the Court to completely dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiffs oppose such dismissal.

## II. DISCUSSION

Defendants have filed two identical Motions and ask the Court to consider them as either a motion to dismiss or, alternatively, a motion for summary judgment.  Because evidence outside the pleadings has been presented to and considered by the Court with respect to these Motions, and because the parties have been "given a reasonable opportunity to present all the material that is pertinent to the motion[s]," pursuant to Federal Rule of Civil Procedure 12(d), the Court is of the opinion that it should only consider Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  *See* Fed. R. Civ. P. 12(d). Defendants' Motion to Dismiss [10-1] will therefore be denied.

A.     Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp.2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (citing *Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return

-3-

a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004)

(*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  If the evidence is

merely colorable, or is not significantly probative, summary judgment is

appropriate.  *See Anderson*, 477 U.S. at 249.  The nonmovant may not rely on mere

denials of material facts, nor on unsworn allegations in the pleadings or arguments

and assertions in briefs or legal memoranda.  *See Gaddis v. Smith & Nephew, Inc.*,

534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.    <u>Defendants' Motion for Summary Judgment</u>

Defendants contend that Plaintiffs have no viable cause of action against

them because Defendants "had no obligation to obtain, or potential liability relating

to the alleged lack of, windstorm coverage on the property in question."  Defs.' Mem.

in Supp. of Mot. for Summ. J., at p. 1.  Defendants maintain that Plaintiffs have

failed to plead or prove "that the loss sustained would otherwise have been covered

under a windstorm policy."  *Id.* at p. 11 (*citing Tuepker v. State Farm Fire &

Casualty Co.*, 507 F.3d 346, 356 (5th Cir. 2007)).

1.    <u>Any Purported Duty to Procure Windstorm Coverage</u>

Defendants assert that "Plaintiffs have identified no contract, state statute,

or public policy that imposed any duty on Chase to 'procure' any form of insurance

on their behalf," and that they "had no legal or contractual duty to obtain insurance

for Plaintiffs that could serve as a basis for any negligence claim."  Defs.' Mem. in

Supp. of Mot. for Summ. J., at p. 8.  The Court is of the opinion that the validity of

Plaintiffs' theories of recovery based on their allegations of negligence, particularly

whether Defendants owed any duties to Plaintiffs, and if so, which ones, may depend, among other things, on the course of dealing between the parties, as well as upon the terms of the loan documents.  *See Rentrop v. Nationwide Mutual Fire Ins. Co.,* 2008 WL 2465288, *4 (S.D. Miss. June 12, 2008).

Defendants cite *Whitfield v. Countrywide Home Loans, Inc.*, 252 Fed. Appx. 654, 2007 WL 3151889 (5th Cir. Oct. 26, 2007), for the proposition that a mortagee has no duty to obtain insurance or pay a premium under a mortgage contract which places an affirmative duty on mortgagors to maintain insurance on property against loss, which Defendants argue was Plaintiffs' affirmative duty in this case. However, the Court notes that in *Whitfield*, the issue presented was whether the mortagee had a duty to obtain insurance or pay a premium *without a bill or renewal notice.  See Whitfield*, 252 Fed. Appx. at 656, 2007 WL 3151889 at *2.  The present case is arguably factually distinguishable due to the facsimile allegedly sent from Plaintiffs' Allstate insurance agent to Defendants.  *See* Facsimile, attached as Ex. "B" to Pls.' Resp. to Defs.' Mot.

Whether a duty exists in a negligence case is a question of law to be resolved by the court.  *See Warren ex rel. Warren v. Glascoe*, 880 So. 2d 1034 (Miss. 2004); *Brown v. J.J. Ferguson Sand & Gravel Co.*, 858 So. 2d 129, 131 (Miss. 2003). Defendants contend that there is no duty owed to Plaintiffs and that the Court can therefore dismiss Plaintiffs' claims of negligence at the summary judgment stage. The Court is of the opinion that, at least at this early juncture of the proceedings, resolution of that legal issue depends upon the resolution of certain facts, *see Doe v.*

*Cloverleaf Mall*, 829 F. Supp. 866, 873 (S.D. Miss. 1993), which have not yet been sufficiently developed to make this case ripe for summary judgment.

The Court finds that disputed questions of material fact remain which must be resolved before the Court can determine whether a duty existed. These disputed questions include, but are certainly not limited to, (1) whether any valid request was made to Defendants to procure and/or pay premiums on a windstorm policy, by virtue of the facsimile from Allstate or otherwise; (2) whether any such request, any other course of dealings between the parties, or the loan documents, was sufficient to create any duty to procure windstorm coverage; and (3) whether windstorm coverage was a type of insurance required by Defendants and/or was an "Escrow Item" under the deed of trust. *See* Facsimile, attached as Ex. "B" to Pls.' Resp. to Defs.' Mot.; Deed of Trust, at pp. 2, 4-6, attached as Ex. "B" to Aff. of Thomas E. Reardon, which is attached as Ex. "1" to Mot. for Summ. J.

2.    Any Right to Recover under a Windstorm Insurance Policy

Defendants contend that Plaintiffs had a policy of flood insurance in place at the time of Hurricane Katrina, and that the flood insurance carrier tendered proceeds in the amount of $62,000.00, which were applied to Plaintiffs' mortgage, resulting in the cancellation of the deed of trust. *See* Defs.' Mem. in Supp. of Mot. for Summ. J., at p. 11. Defendants argue that "[u]nder these circumstances, Plaintiffs cannot establish any 'losses' based upon an unprocured windstorm policy." *Id.* at p. 12. Defendants assert that Plaintiffs would "obtain a 'windfall' or 'double recovery' by demanding damages based upon a non-existent wind storm policy." *Id.*

at p. 12.

While the Court agrees that it would be inappropriate to permit double recovery of actual damages to Plaintiffs' property, the Court is of the opinion that disputed questions of material fact also remain as to this issue.  These disputed questions include, but are not limited to, the value of the property at the time of the damage and whether, and if so, how much, windstorm damage occurred.

To succeed on their Motion for Summary Judgment, Defendants must show that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.   Reviewing the evidence presented in the light most favorable to Plaintiffs, as the non-moving parties, and resolving all doubt in their favor, as the Court must, there are genuine disputes of material fact.  As such, summary judgment is not appropriate at this stage of the proceedings.  *See* FED. R. CIV. P. 56.

## III.  CONCLUSION

The Court has considered Defendants' Motion to Dismiss and Motion for Summary Judgment and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, material fact questions exist. Therefore, Defendants' Motion for Summary Judgment [12-1] should be denied, without prejudice to their right to reassert the Motion after discovery has been conducted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

cited herein, Defendants' Motion for Summary Judgment [12-1] filed April 1, 2008,

pursuant to Federal Rule of Civil Procedure 56, should be and is hereby **DENIED**,

without prejudice to Defendants' right to reassert.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons

cited herein, Defendants' Motion to Dismiss [10-1] filed March 31, 2008, is hereby

**DENIED**.

      **SO ORDERED AND ADJUDGED**, this the 14th day of July, 2008.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE